# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

## SENTENCING MINUTES

| | |
|---|---|
| HON. **Rudolph T. Randa**, presiding. | Deputy Clerk: **Linda M. Zik** |
| DATE: **February 21, 2014  11:00 a.m.** | Court Reporter: **Heidi Trapp** |
| CASE NO. **12-Cr-189** | Time Called: 11:04 a.m. |
| UNITED STATES of AMERICA v. **William Earl Bankston** | |
| | Time Concluded: 11:37 a.m. |
| UNITED STATES by: **Erica N. O'Neil for Margaret B. Honrath** | |
| PROBATION OFFICER: **Michael A. Karolewicz** | |
| INTERPRETER: | |
| DEFENDANT: **William Earl Bankston**, in person, and by | |
| ATTORNEY: **William R. Jones** | |

Custody Bureau of Prisons __40 months__ on Count __1 of the Information__

Indictment dismissed on government's motion.

Credit for time served.

Recommended Institution: __close to home; cognitive program__

Supervised Release __3__ years on Count __1__

Special Conditions

| | | | | |
|---|---|---|---|---|
| ___ | Community Correctional Center for ___ | | ___ | Fine/Restitution $ mo. |
| _X_ | Report in 72 hours | | ___ | Financial disclosure |
| _X_ | No firearms | | ___ | No new credit charges |
| _X_ | Drug & alcohol testing - no alcohol | | ___ | Community service ___ hrs. |
| _X_ | Not illegally possess any controlled substance | | _X_ | No Taverns |
| _X_ | Cooperate with Child Support Enforcement | | _X_ | Cognitive Interven. Prog. |
| ___ | Provide DNA – already provided | | | |

Sentencing Minutes Continued

Defendant: **William Earl Bankston**
Case No.: **12-Cr-189**

Fine: **$**

 X  Fine and costs waived

                                X  Participate in BOP Inmate Financial
                                            Responsibility Program

Restitution:
Payee:

Forfeiture:

____ Defendant remanded to custody of U.S. Marshal

 X   Execution of sentence stayed until  **12:00 pm on April 1, 2014**

 X   Voluntary surrender to institution

 X   Defendant advised of right to appeal by court.

____ Court orders copy of transcript to accompany presentence report

Special Assessment:

    $100.00

Other:

Court has the PSR, the addendum, and the Sealed § 5K1.1 motion.

No additional objections by the parties to the factual statements in the PSR.

Sentencing Minutes Continued

Defendant: **William Earl Bankston**
Case No.: **12-Cr-189**

Defendant's objections:
  (1) Pages 7 & 14, Paragraphs 13-49 & 52-54 - No affiliation with Steven Jones;
  (2) Page 33, Paragraph 141 – PSR says criminal history score may under-represent the defendant's criminal activity; defendant objects to this characterization;

Court states the objections do not impact the guideline range.

Government, based on the § 5K1.1 motion and the § 3553 factors, recommends 3 years' incarceration which is slightly less than what is mentioned in the motion because of the sentences the co-defendants received. Bankston is similar to the lower-level co-defendants already sentenced. Prior sentences imposed addressed. This defendant has a much longer criminal history compared to the co-defendants from age 13 until his most recent conviction in 2007. Most were theft offenses. He has not learned his lesson. The most he served was 2 years and 3 months. Incremental punishment seems to be the best way to encourage him to comply with the law. He debriefed which was disclosed in discovery.

Defense counsel addresses the § 3553 factors. The defendant has demonstrated that he is not violent. He has been cooperative and provided assistance in prosecuting this case. Since September 2012 he has demonstrated he has been respectful to the law. Rehabilitation needs/goals addressed. He would be better served by being away from criminals and outside of the prison population. It would be best for him to be supervised by a probation officer. As to similar sentences of co-defendants, the defendant's role was 300-400 grams of powder cocaine. He was brought in to middle the drug deals. Chalunda Smith had a high drug count and received probation. Impose time-served with 3 years supervised release.

Defendant's right of allocution.

Court addresses § 3553(a):
OL = 57, CHC = V, 57-71 mos.
Court grants the government's § 5K1.1 motion.
(1) Nature of offense: Congress found this to be a serious offense; this offense is outside of his history; co-defendant Getharia Smith is the defendant's brother in law;
(2) History of defendant:
Peers – had a good family life; needs were met; father was absent due to alcohol problem; defendant gravitated to committing crimes at age 13 with a burglary; prior record addressed; poor performance on supervision; it is a horrendous prior record; has a criminal orientation; has done nothing his whole life but commit crimes;
Employment – has not worked;
Has 8 kids by 5 different women – owes over $100,000 in child support; has a son in jail for armed robbery; brother is in jail for 1st degree homicide;
Defendant is a threat to the community – he needs to be habilitated;
The only positive is that he cooperated; no pretrial violations;
Off and on drug use;
(3) Court agrees with the government that an incremental sentence is needed; 40 months incarceration imposed.